UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL E. JOHNS,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.

Case No. 2:18-cv-11051
Honorable Laurie J. Michelson

## OPINION AND ORDER TRANSFERRING PETITION [1] TO COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION

On a May evening in 1994, an elderly couple was assaulted in Muskegon County, Michigan. The wife died the next day and the husband about a month later. The State of Michigan charged Carl Johns with their deaths. The prosecution's theory was that Johns was a drug addict and went to the couple's home to steal drug money. Johns' theory was that he had confronted the couple about their failure to pay him for yard work and things became heated, he had a compromised mental state, and he lost it and assaulted the couple. Johns cited a history of mental-health problems. A jury convicted Johns of first-degree felony murder and Johns was sentenced to life in prison without the possibility of parole.

Johns asks this federal court to grant him a writ of habeas corpus. But this is not the first time Johns has asked a federal court for such a writ. *See Johns v. Elo*, No. 99-76330 (E.D. Mich. filed June 23, 1999). So the Court must decide whether to transfer Johns' current petition to the United States Court of Appeals for the Sixth Circuit for the appellate court to authorize Johns' current filing. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The Court believes the answer is "yes."

As an initial matter, Johns' petition is subject to § 2244(b)'s bar on second-or-successive habeas corpus petitions. Although he filed his petition under 28 U.S.C. § 2241 (R. 1, PID 1), he challenges the validity of his state court conviction and "section 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 337–38 (6th Cir. 2006).

Second, it appears that Johns has not obtained authorization from the Sixth Circuit to file his petition.

Remaining then, is to decide whether Johns' petition is "second or successive" within the meaning of § 2244(b). AEDPA itself does not define the term. *See In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017). But "courts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated AEDPA." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). And "[u]nder the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id.*; *cf. Tibbetts*, 869 F.3d at 406 ("[A] petition is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed.").

All of the claims Johns raises in his current petition were ripe at the time he filed his first petition. Although the current petition is not a model of clarity, it appears that Johns now seeks habeas corpus relief on the grounds that (1) he was charged with first-degree premeditated murder but was instead tried for first-degree felony murder in violation of the Fifth, Sixth, and Fourteenth Amendments (R. 1, PID 16–17, 41–43); (2) malice—apart from the malice associated with the felony—was a required element of his convictions (R. 1, PID 25–26, 29–30) and the trial court failed to instruct the jury accordingly (R. 1, PID 31, 37, 38, 40); (3) the prosecution

did not prove malice beyond a reasonable doubt (R. 1, PID 29, 33); and (4) the questions on the verdict form prevented jurors from finding him not guilty of second-degree murder and armed robbery (R. 1, PID 32). As none of these claims require facts or law unknown at the time of Johns' first petition, they "could have been raised in the first petition," *Bowen*, 436 F.3d at 704.

The Court acknowledges that even if Johns' current claims could have been brought previously, the current petition would not be "second or successive" within the meaning of § 2244(b) if his first petition was dismissed for lack of jurisdiction, as unexhausted, or for like reasons. *See* Brian R. Means, Federal Habeas Manual §§ 11:54–11:61 (2017); *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998). But Johns' prior petition was dismissed because the claims lacked merit or were procedurally defaulted. *See Johns v. Elo*, No. 99-76330, slip op. at 1 (E.D. Mich. Sept. 21, 2000) (report and recommendation); *Johns v. Elo*, No. 99-76330, slip op. at 11 (E.D. Mich. Dec. 8, 2000) (order adopting in part report and recommendation). Thus, the prior petition counts toward the second-or-successive limitation. *See* Means, *supra* at §§ 11:48, 11:50; *In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010) ("Because Garner's initial habeas petition was decided 'on the merits,' his recent filings in our court are properly deemed a 'second or successive' petition."); *Carter v. United States*, 150 F.3d 202, 205 (2d Cir. 1998) ("Our sister circuits have held that the denial of a first § 2254 petition for procedural default, which default is not overcome by a showing of cause and prejudice, must be regarded as a determination on the merits in examining whether a subsequent petition is successive." (internal quotation mark omitted)).

In sum then, Johns' petition is subject to the second-or-successive bar, his petition is second or successive under § 2244(b), and he did not seek authorization from the Sixth Circuit before filing his petition. Thus, the Court ORDERS the Clerk of the Court to transfer Johns'

petition to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 2244(b)(3)(A) for a determination of whether this Court may consider Stevens' habeas corpus claims. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

SO ORDERED.

Dated: April 23, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2018.

s/Keisha Jackson
Case Manager